## 7101

### STATE v. LANE.

1. EVIDENCE.—In an indictment against one for keeping a gaming house it is not error to admit evidence to the effect that he and others caught gambling with him were arrested, taken before the recorder and most of them plead guilty, these facts not being in controversy.

2. GAMBLING—KEEPING A GAMBLING HOUSE.—The fact that a person was caught gambling at one time in a house is to be taken into consideration with the other facts in determining if he be guilty of keeping a gaming house.

3. CHARGE.—Illustration used in the charge to show how inference of keeping a gaming house may be inferred from the facts proved *held* not a charge on the facts.

Before ———, J., Richland, June term, 1908.   Affirmed.

Indictment against Tom Lane for keeping a gaming house.   From sentence on verdict, defendant appeals.

*Mr. Robt. Y. Kibler,* for appellant, cites: *Error to admit evidence of comrades of defendant pleading guilty:* 16 Cyc., 1192; 12 S. W., 868.   *A single act of playing will not constitute the offense of "keeping":* 4 Cranch. C. C., 659; 12 S. W., 868; 18 Tex. App., 13; Wharton's Crim. L., 280; 2 Starkie on Ev., 1571.   *Illustration used in charge tended to inform jury of opinion Judge had formed of the evidence:* 15 S. C., 392; 16 S. C., 155; 24 S. C., 591; 16 S. C., 629; 21 S. C., 595; 21 S. C., 400.   *To make up offense of "keeping" games must be habitually played:* 20 Cyc., 813; 11 Ohio D., 889; 18 Tex. App., 13; 2 Q. B., 199; 10 Tex., 545; 12 S. W., 868.

*Solicitor Christie Benet,* contra.   Oral argument.

February 13, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal from the sentence imposed upon the defendant for keeping and maintaining a gaming house.

The record shows that the following ruling was made by his Honor, the Circuit Judge, during the examination of a witness, who testified in behalf of the State:

"Q. Who arrested him?    A. We did; took him to police headquarters, and he was fined in the recorder's court; most of them plead guilty of gaming.    Mr. Spignor: I object to that.    The Court: It is harmless and does not affect him."

This ruling is made the basis of the first exception.

There are two reasons why the exception cannot be sustained:    In the first place, the ground of the objection was not stated; and, in the second place, the uncontradicted testimony (which was susceptible of but one inference) was to the effect that most of those who were caught gambling with the defendant pleaded guilty in the recorder's court.

The next question for consideration is whether there was error on the part of his Honor, the presiding Judge, in refusing the motion of the defendant's attorney to direct a verdict of not guilty, on the ground that in order to convict a person of keeping and maintaining a gaming house, it is necessary to prove that the gambling was carried on more than one time.

The fact that a person is caught gambling one time in a place mentioned in the statute is simply to be weighed by the jury, in connection with all the surrounding circumstances, in determining the character of the house.

If the proposition for which the appellant's attorney contends should be sustained, it would have the effect of practically eliminating from the consideration of the jury all the surrounding circumstances except the fact that there was gambling on one occasion in such house.

We proceed next to consider whether the following charge of his Honor, the presiding Judge, was in violation

10—82

of article IV, section 26 of the Constitution: "The State relies on certain facts from which you reach certain conclusions; for instance, if you go to a private house in this city about two o'clock in the day and see the family sitting around the table in the dining-room, with a roast turkey on one end of the table and a boiled ham on the other, you would naturally conclude that those people were at dinner, that that was their dinner hour, and that they were at dinner; you draw the inference from the facts shown. Now, you can tell a gambling den from the facts shown, from the facts proven, and reach your conclusion."

The charge was merely intended as an illustration to show the manner of considering circumstantial evidence, and we are unable to discover in what respect it was prejudicial to the rights of the appellant.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.